# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD GUTKNECHT, | ) |
| | ) CIVIL ACTION NO.: _____ |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THOMAS TURNER and | ) |
| CYNTHIA PORTER, individually and | ) |
| collectively d/b/a | ) *ELECTRONICALLY FILED* |
| THE WISER CHOICE RESTAURANT, | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Richard Gutknecht, a resident of Wyoming County, Pennsylvania, by and through his attorneys, brings this civil action for damages against the above-named Defendants, Thomas Turner and Cynthia Porter, individually and collectively d/b/a The Wiser Choice Restaurant, demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. This Complaint alleges illegal harassment and discrimination on the basis of Plaintiff's race in violation of the laws and statutes of the United States of America, specifically, Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 (hereinafter referred to as "Section 1981"), as well as pendent state law claims arising under the provisions of the laws of this Commonwealth, to wit,

1

the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* (hereinafter referred to as "the PHRA").

2.      This Honorable Court has jurisdiction of this matter, case, and controversy pursuant to 28 U.S.C. §§ 1331, 1343(a)(4), and 1367.

3.      Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## THE PARTIES

5.      Plaintiff, Richard Gutknecht ("Mr. Gutknecht"), is an African-American adult individual residing in Wyoming County, Pennsylvania.

6.      Defendant, Thomas Turner (hereinafter "Mr. Turner"), is a Caucasian adult individual residing in Wyoming County, Pennsylvania.

7.      Mr. Turner is an owner and/or principal of The Wiser Choice Restaurant (hereinafter "Wiser Choice") and maintains operation control of significant, if not all, aspects of Wiser Choice's day-to-day functions, including responsibility for all of the acts complained of hereinafter.

8.      Defendant, Cynthia Porter (hereinafter "Ms. Porter," and collectively with Mr. Turner as "Defendants"), is a Caucasian adult individual residing in Wyoming County, Pennsylvania.

2

9.    Ms. Porter is an owner and/or principal of Wiser Choice and maintains operation control of significant aspects of Wiser Choice's day-to-day functions.

## ADMINISTRATIVE PROCEEDINGS

10.    On or about April 6, 2018, Mr. Gutknecht filed a Charge of Discrimination against Defendant with the Pennsylvania Human Relations Commission ("PHRC"), which was docketed as PHRC Charge No. 2017-03458, alleging race discrimination.

11.    Mr. Gutknecht's PHRC claims are now ripe as more than a year has passed since the filing of his PHRC complaint.

12.    All necessary and appropriate administrative prerequisites to the filing of this action have occurred and been satisfied.

## STATEMENT OF FACTS

13.    On or about November 17, 2017, Mr. Gutknecht was hired by Defendants for the position of Cook.

14.    Mr. Gutknecht was Defendants' only African American employee.

15.    On or about the evening of November 17, 2017, during Mr. Gutknecht's first shift, Ronnie Learn ("hereinafter "Mr. Learn"), a patron of Defendants' entered Wiser Choice, as was his usual custom.

16.    Upon seeing Mr. Gutknecht working as cook at Wiser Choice, however, Mr. Learn complained to Mr. Turner that he did not "want a nigger touching his

3

food"; Mr. Learn was loud enough that this complaint was heard by the entire restaurant.

17.    On or about the morning of November 18, 2017, during Mr. Gutknecht's second shift, Mr. Learn again entered Wiser Choice.

18.    Upon seeing Mr. Gutknecht, Mr. Learn again complained to Mr. Turner about Mr. Gutknecht's as he theatrically prepared to leave Wiser Choice.

19.    Mr. Turner promptly asked to speak with Mr. Gutknecht in the basement.

20.    Upon arriving in the basement, Mr. Turner instructed Mr. Gutknecht to remain there, out of sight, while Mr. Learn finished his meal.

21.    When Mr. Gutknecht complained of having to remain in the basement, Mr. Turner informed him: "[y]ou've been dealing with this your entire life, you ought to be used to it."

22.    Mr. Turner further stated, "[t]his customer [Mr. Learn] is in here [Wiser Choice] seven days a week, if you get my gist" and explained that Mr. Learn spent $30 per visit at Wiser Choice.

23.    Mr. Turner reiterated his instruction that Mr. Gutknecht remain in the basement until Mr. Learn had finished his meal, and then returned to the main floor of Wiser Choice.

4

24.    Mr. Gutknecht subsequently resigned his employment after Defendants made it clear that they expected him to accept and tolerate this race discrimination to satisfy Mr. Learn's requirement that Mr. Gutknecht not be within sight and/or preparing his meal.

25.    As such, Defendants violated 42 U.S.C. § 1981 and the PHRA by discriminating against Mr. Gutknecht on the basis of his race.

## COUNT I

### VIOLATIONS OF SECTION 1981
### *Richard Gutknecht v. All Defendants*

26.    All prior paragraphs are incorporated herein as if set forth fully below.

27.    At all times relevant herein, Mr. Gutknecht maintained or sought to maintain a contractual relationship with Defendants (i.e., an employment relationship).

28.    At all times relevant herein, Defendants acted by and through their agents, servants, and employees, to intentionally discriminate against Mr. Gutknecht on the basis of his race and thereby deny him the benefits of the contractual relationship he had entered into with Defendant.

29.    As a consequence of Defendants' discriminatory actions and failures to act, Mr. Gutknecht was subjected to emotional distress, humiliation, ridicule, and a negative effect on his work product and ability to fully and effectively perform his

job duties and responsibilities, all of which manifested itself in mental and physical distress, injury, and damage.

30.   As a result of Defendants' discriminatory actions, Mr. Gutknecht has suffered economic loss, emotional distress, and a loss of self-respect and confidence, and he has been subjected to great damage to his career and professional standing.

**WHEREFORE**, Plaintiff, Richard Gutknecht, seeks damages against Defendants, Thomas Turner and Cynthia Porter, collectively d/b/a The Wiser Choice Restaurant, jointly and severally, as set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## COUNT II

### VIOLATIONS OF THE PHRA
### *Richard Gutknecht v. All Defendants*

31.   All prior paragraphs are incorporated herein as if set forth fully below.

32.   This is an action arising under the provisions of the PHRA and this Court has, and should, exercise pendant jurisdiction over the same because the cause of action complained of in this Count II arises out of the same facts, events, and circumstances as Count I, and therefore judicial economy and fairness to the parties dictates that this Count be brought in the same Complaint.

33.   By subjecting Mr. Gutknecht to racial harassment, Defendants violated the provisions of the PHRA which prohibit harassment based upon race with respect to the continuation and tenure of employment.

6

34.    By failing to take any meaningful or effective action to curtail the racial discrimination against Plaintiff, Defendant violated the PHRA.

35.    As more fully set forth in Count I, Mr. Gutknecht was subjected to economic loss, emotional and physical distress, humiliation, and embarrassment by Defendants' race-based harassment, all of which was manifested in mental and physical distress, injury, and damage.

36.    As more fully set forth in Count I, Mr. Gutknecht has suffered a loss of earnings, emotional distress and a loss of self-confidence, and has been subjected to great damage to his career and professional standing.

37.    The actions of Defendants set forth above constitute violations of the PHRA.

**WHEREFORE**, Plaintiff, Richard Gutknecht, seeks damages against Defendants, Thomas Turner and Cynthia Porter, collectively d/b/a The Wiser Choice Restaurant, jointly and severally, as set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

### AD DAMNUM CLAUSE/PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Richard Gutknecht, prays that the Court enter judgment in his favor and against the Defendants, Thomas Turner and Cynthia Porter, collectively d/b/a The Wiser Choice Restaurant, jointly and severally, and that the Court enter an Order as follows:

a.   Defendants are to be permanently enjoined from discriminating against Plaintiff on the basis of his race and/or any basis prohibited under applicable federal and state law;

b.   Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or custom of discriminating against employees based on their race and are ordered to promulgate an effective policy against such discrimination and retaliation and to adhere thereto;

c.   Defendants are to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination and/or retaliation at the hands of Defendants until the date of verdict;

d.   Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to him by Defendants' actions;

e.   Plaintiff is to be awarded Punitive damages as provided for under 42 U.S.C. § 1981;

f.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

i.      Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendant does not engage – or ceases engaging – in illegal retaliation against Plaintiff or other witnesses to this action; and

j.      The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

## **DEMAND FOR JURY**

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

9

Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**


January 29, 2021
Date

*/s/ Steve T. Mahan*
Steve T. Mahan (PA 313550)
smahan@weisbergcummings.com

*/s/ Larry A. Weisberg*
Larry A. Weisberg (PA 83410)
lweisberg@ weisbergcummings.com

*/s/ Derrek W. Cummings*
Derrek W. Cummings (PA 83286)
dcummings@ weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (Fax)

*Counsel for Plaintiff*

10